**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-01276-RM-NRN

JOSEPH ANTHONY CRUZ

    Plaintiff,

vs.

DETECTIVE JAMES MCKENZIE,
DETECTIVE MARQUEZ[1],
ADAMS COUNTY DETENTION FACILITY,

    Defendants.
_____

**ADAMS COUNTY DEFENDANTS' MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6)**
_____

Mr. Cruz's operative complaint (ECF 20) asserts separate but identical claims against two Adams County Sheriff's deputies, Detectives McKenzie and Marquez, as well as the Adams County Detention Facility (the Adams County Defendants), pursuant to 42 U.S.C. § 1983 primarily for violation of his Eighth Amendment rights. (*Cf.* ECF 10, Order at 1-2.) Mr. Cruz, a former prisoner at the Detention Facility, alleges the Detectives failed to investigate several claimed sexual assaults of Mr. Cruz that he alleges occurred at the Detention Facility while he was unconscious, or permanently segregate him from the general population. The Eighth Amendment, however, does not entitle prisoners to either an investigation from prison officials in response to allegations of (unconscious) sexual assault, or permanent segregation from the general population of inmates. In addition, Detectives McKenzie and Marquez have qualified immunity. As for the

---

[1] Detective Marquez's first name is Matthew.

1

Adams County Detention Facility, it is not a legal entity subject to suit and Mr. Cruz has not adequately pled a claim against the Adams County Sheriff in his official capacity under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Finally, Mr. Cruz's references to state tort law are insufficient to plead a claim for assault or intentional infliction of emotional distress against the Adams County Defendants. As such, the Adams County Defendants respectfully request the Court dismiss Mr. Cruz's complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## CERTIFICATION PURSUANT TO D.C.COLO.LCivR. 7.1

D.C.COLO.L.CivR. 7.1(b)(1) and (b)(2) provide exceptions to the duty to confer for motions filed under Fed. R. Civ. P. 12 and for cases involving *pro se* prisoners.

## FACTUAL ALLEGATIONS

According to his second amended complaint, Mr. Cruz infers he was sexually assaulted by three to four different inmates on three separate occasions while incarcerated at the Adams County Detention Facility. (ECF 20, Comp. at 5, ¶¶ 2-3; 10, ¶ 33; 12, ¶ 3.[2]) Although he names two of the purported attackers, by his own admission, he has no percipient knowledge of his assaults because he was "unconscious" at the time of each. (*See*, *e.g.*, *id.* at 5, ¶ 2) It is somewhat unclear as to the basis of Mr. Cruz's unconsciousness, whether he means merely that he was asleep (*id.* at 5, ¶ 2; 8, ¶¶ 17 & 21), or that he suffers from some other compounding medical condition. At several points he alleges he is an undiagnosed sleepwalker (*Id.* at 5 ¶ 3; 7, ¶ 13; 8, ¶ 22; 9, ¶¶ 28, 30), at others that he hears voices. (*Id.* at 6, ¶11; 10, ¶ 35.) What is clear, however, is that Mr. Cruz's allegations of assault are merely inferential−by his own description. He "feared" he was assaulted and "came to that conclusion" in June. (*Id.* at 5, ¶¶ 42.) He "viably concluded" based on his "cognitive

---

[2] Pagination for the Complaint (ECF 20) is based on the ECF header information.

resolution process" that he was sexually assaulted in July. (*Id.* at 6, ¶ 9.) He "reason[ed]" in late July or early August that a sexual assault had occurred based on several pieces of data and comments from his cellmate. (*Id.* at 8, ¶¶ 17, 20-22.)

He deduces the various assaults occurred from five pieces of data: (1) that he had a fecal stain on his uniform on at least one or possibly two occasions (Comp. at 7, ¶ 16; 8, ¶¶ 20-21); (2) that his uniform smelt of urine (*id.* at 6, ¶ 9); (3) that his rectal area felt unusual (*id.* at 5, ¶ 2; 6, ¶ 9); (4) that various inmates called him homosexual slurs and passed notes stating the same (*id.* at ¶¶ 4-5; 8, ¶ 23); and (5) that, on one of the three occasions, an inmate claimed he had raped him. (*Id.* at 8, ¶ 21.) Mr. Cruz alleges his cellmates, two of whom he names, were different on each occasion of his alleged assault. (*Id.* at 5, ¶ 5 (two unnamed cellmates); 6, ¶ 9 ("cellmate Andrew AKA 'Madd Dogg'"); 7, ¶ 15 (transfer cellmate Andrew Baca).)

He alleges he shared his fears and his deductive reasoning with the Detectives on two occasions, first in July and then again in late July or early August. (*Id.* at 6, ¶¶ 7-9; 8, ¶¶ 18-23.[3]) Mr. Cruz alleges the Detectives failed to adequately investigate Mr. Cruz's three allegations of sexual assault by not preserving DNA potentially contained on various articles from Mr. Cruz's cell (Comp. at 9, ¶ 27.5; 10, ¶¶ 33-34), or by not otherwise following Detention Facility rules or policy. (*Id.* at 7, ¶¶ 15 & 15.5). Mr. Cruz acknowledges that he did receive a sexual assault nurse evaluation (SANE) on at least two occasions but does not make any allegation regarding the results. (*Id.* at 9, ¶¶ 24, 31.) Mr. Cruz was also periodically placed on mental health watch but protested being returned to general population at the end of each watch period. (*Id.* at 5, ¶¶ 3-4; 7, ¶¶ 13-14; 9, ¶¶ 25-27.) Apart from contending that a through investigation might have caught one

---

[3] He alleges he reported the first assault in June to an unnamed deputy. (Comp. at 5, ¶ 2.)

of his three alleged attackers (*Id.* at 6, ¶ 11), he does not allege how any deficiencies in the investigation failed to prevent him from suffering future physical harm. Mr. Cruz does allege the sexual assaults and the alleged deficiencies in the investigation contributed to his current mental condition (*id.* at 9, ¶ 20; 10, ¶¶ 33-34), which now requires the use of a psychotropic drug to treat. (*Id.* at 10, ¶ 34.) Based on these allegations, Mr. Cruz asserts separate but nearly identical claims against the Detectives, unnamed supervisors, and the Detention Facility. (*Id.* at 11-12, ¶¶ 1-3.) He seeks remedies ranging from injunctive relief to compensatory damages totaling over $10,000,000 and punitive damages. (*Id.* at 13-14.)

## LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain enough allegations of fact 'to state a claim for relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when its allegations, taken as true, allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court, however, need not accept conclusory allegations without supporting factual averments. *See Ruiz v. McDonell*, 299 F.3d 1173, 1181 (10th Cir. 2002). "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quotations omitted). Thus, mere formulaic recitations of the elements of a cause of action will not suffice to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. Nor are courts "bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (*quoting Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[A] complaint does not suffice if it tenders 'naked assertion[s]' devoid

of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949.

A pro se litigant's pleadings "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A pro se plaintiff's "unfamiliarity with pleading requirements" is not a basis for dismissal, but it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.* Dismissal of a pro se complaint is proper "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend*." Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

**ARGUMENT**

To prevail on a claim under 42 U.S.C. § 1983, Mr. Cruz must allege that (1) some "person" within the meaning of the statute (2) acting under "color of law" (3) has proximately caused (4) the deprivation of one of his federal rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). As such, the factors necessary to establish a Section 1983 claim will vary with the constitutional provision at issue. *See Iqbal*, 556 U.S. at 676 (so holding in the analogous *Bivens* context). Moreover, where qualified immunity is raised, the plaintiff must further establish that the constitutional rights at issue were clearly established at the time of the alleged violation. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Although qualified immunity may be considered before assessing a plaintiff's claim, qualified immunity (if applicable) bars a suit even where a plaintiff otherwise sufficiently pleads a Section 1983 claim. *See Butler v. Bd. of Cty. Comm'rs for San Miguel Cty.*, 920 F.3d 651, 655 (10th Cir. 2019).

Here Mr. Cruz asserts one Section 1983 claim under the Eighth Amendment. Additionally, although not labeled as such, he attempts to assert a claim against the Adams County Detention Facility under *Monell*. Mr. Cruz's Section 1983 claim fails, however, because (1) his allegations of sexual assault are based on inferences, not percipient evidence; (2) assuming his factual averments were sufficient, he fails to state a viable constitutional violation under the Eighth Amendment; and (3) his *Monell* claim is deficient because he named the wrong entity and, more importantly, fails to adequately allege the elements of the claim. Moreover, Detectives McKenzie and Marquez are entitled to qualified immunity.

## I.   MR. CRUZ HAS FAILED TO STATE A PLAUSIBLE EIGHTH AMENDMENT CLAIM AGAINST DETECTIVES MCKENZIE AND MARQUEZ

The Eighth Amendment to the United States Constitution provides that "cruel and unusual punishments" shall not be inflicted. U.S. Const., Amend. VIII. Punishments which "involve the unnecessary and wanton infliction of pain" violate this provision. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). Jail officials, as well as their employers cannot "absolutely guarantee the safety of their prisoners." *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999). Nonetheless, jail officials have "a constitutional duty to take reasonable steps to protect the prisoners' safety and bodily integrity." *Berry v. City of Muskogee*, 900 F.2d 1489, 1499 (10th Cir. 1990); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Mr. Cruz's complaint appears to proceed on two different theories: (1) a failure to investigate his claims of unconscious sexual assault and (2) a failure to protect against bodily harm. Even if taken as true, Mr. Cruz's allegations fail to state a claim for violation of the Eighth Amendment.

### A. The Eighth Amendment Does Not Require Investigations into Alleged Crimes, Let Alone Investigations that Conform to Mr. Cruz's Standards.

Although the contours of his claim vary, Mr. Cruz's main allegation against the Detectives is their failure to conduct an adequate investigation into Mr. Cruz's fears about being sexually assaulted while unconscious, particularly their failure to collect DNA evidence.

Although prison officials have a duty under the Constitution to protect prisoners from violence by other prisoners, including sexual assault, *Farmer*, 511 U.S. at 833, they do not have a duty to investigate a plaintiff's after-the-fact complaints in a manner satisfactory to the plaintiff. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 761-62 (2005); *see also Maxey v. Banks*, 26 F. App'x 805, 808 (10th Cir. 2001) ("Plaintiff does not have a federal due process right to a police investigation."); *Moore v. Honeycutt*, 2009 WL 1033760, *2 (D. Kan Apr. 17, 2009) (dissatisfaction with the defendant's investigation of reported rape by a fellow inmate does not state an Eighth Amendment violation). Thus, regardless of whether Mr. Cruz alleges the Detectives conducted an inadequate investigation into his claims of unconscious sexual assault, or failed to investigate at all, no Eighth Amendment violation occurred even assuming the allegations are true. *See Jacoby v. PREA Coordinator*, No. 5:17-cv-00053-MHH-TMP, 2017 U.S. Dist. LEXIS 107831, *10-11 (N.D. Ala. April 4, 2017).

To the extent Mr. Cruz alleges the Detectives failed to follow the Detention Facility's investigation procedures or written policies, that claim also fails. An alleged failure of jail officials to follow their own procedures does not, of itself, violate the Constitution. Prison regulations are "primarily designed to guide correctional officials in the administration of a prison." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). They are "not designed to confer rights on inmates." *Id.*; *see also Porro v. Barnes,* 624 F.3d 1322, 1329 (10th Cir. 2010). Thus, any failure or refusal to

investigate a prisoner's complaints in accordance with Detention Facility procedures creates no liability under Section 1983 for a constitutional violation. *See Malik v. Kindt*, 76 F.3d 393, 1996 WL 41828, at *2 (10th Cir. Feb. 2, 1996) ("a failure to adhere to administrative regulations does not equate to a constitutional violation"); *Frazier v. Zavaras*, No. 10-cv-02534-CMA-KMT, 2011 U.S. Dist. LEXIS 112951, *17-18 (D. Colo. Sept. 30, 2011). In sum, Mr. Cruz cannot state an Eighth Amendment Claim for an allegedly inadequate or even non-existent investigation.

### B. Mr. Cruz Does Not Allege Sufficient Facts to State a Plausible Claim for Failure to Protect.

Mr. Cruz appears to assert some prison officials (perhaps the Detectives) failed to protect him by not placing him in protective custody during the entirety of his period of incarceration−instead releasing him into the general population after each of his mental health observations. Under the Eighth Amendment, prison officials have a duty to take reasonable measures to protect prisoners from violence at the hands of other prisoners. *Farmer*, 511 U.S. at 832-33. As with other Eighth Amendment claims, a plaintiff must show a "substantial risk of serious harm" and that the defendants were "deliberately indifferent" to a known risk. *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996).

The court must apply an objective standard in examining the first element, a substantial risk of serious harm. The second element—the defendants' deliberate indifference to that risk—is subjective. *See Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006) ("[T]he plaintiff must show that he is incarcerated under conditions posing a substantial risk of serious harm, the objective component, and that the prison official was deliberately indifferent to his safety, the subjective component."). To meet the subjective prong, a plaintiff must plausibly plead that the defendant actually (subjectively) knew that an inmate faced a substantial risk of serious harm. *See*

8

*Farmer*, 511 U.S. at 828-29; *Riddle*, 83 F.3d at 1205. In other words, the official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 828-29.

Here, Mr. Cruz's allegations against the Detectives fail in several ways. First, he pleads that each of his allegations of unconscious sexual assault are deductive in nature. Mr. Cruz has not pled objective facts sufficient to establish he faced a substantial risk of serious bodily injury. Subjective fear, scatological inferences, and inmate taunting do rise to the level of objective evidence of substantial risk of serious harm. *See Riddle*, 83 F.3d at 1205; *see also Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) ("[T]he inmate must allege more than his personal belief that he is the victim of retaliation.").

Second, the Detectives are not alleged to have subjectively inferred that Mr. Cruz was subjected to a risk of further assault, nor consciously disregarded that risk. Instead, they met with Mr. Cruz and asked him for additional objective evidence which he could not provide. On at least two occasions a sexual assault nurse examination was conducted, although Mr. Cruz does not allege their outcomes. And, in any event, on each occasion Mr. Cruz was placed on a mental health watch which removed him from the environment of his alleged assault. Mr. Cruz does not allege that his medical monitoring confirmed any of his health conditions or that any medical diagnosis was communicated to the Detectives. Upon termination of the health watch, Mr. Cruz was returned to the general population, but with different cellmates. The fact that on separate occasions additional assaults are alleged to have subsequently occurred by different inmates does give rise to liability for failure to protect. *See Street v. Simon*, No. 10-cv-02026-MSK-MJW, 2012 U.S. Dist. LEXIS 44470, *8 (D. Colo. Mar. 30, 2012) (courts have "refused to stretch liability far enough to

9

cover a prison official who disregards a risk that one particular fellow inmate will assault a prisoner, only to have an entirely different and apparently-unforseen perpetrator do so"). Even if it did, the efforts of the Detectives as alleged do not support of plausible inference of deliberate indifference on the part of the Detectives to a risk they subjectively believed to exist. As such, Mr. Cruz has not stated an Eighth Amendment Claim for a failure to protect by the Detectives.

## II. MR. CRUZ HAS NOT STATED A VIABLE CLAIM FOR MUNICIPAL LIABILITY UNDER *MONELL*.

Mr. Cruz makes several cursory allegations against the Detention Facility and unknown deputies, presumably in an attempt to trigger liability under *Monell*, 436 U.S. 658 (1978). None of these allegations are sufficient to do so, however.

### A. The Adams County Detention Facility Is Not a Juridical Entity Subject to Suit.

A "detention facility is not a person or legally created entity capable of being sued." *White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001) (unpublished); *see also Aston v. Cunningham*, 216 F.3d 1086, 2000 WL 796086 at *4 n.3 (10th Cir. 2000) ("a detention facility is not a person or legally created entity capable of being sued") (unpublished); *Tyler v. Sullivan*, 83 F.3d 433, *5 (10th Cir. 1996) (same) (unpublished). This is true not only because it is not a juridical person under Colorado law, but because it does not fall within the statutory definition of a "person" under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991). As such, the Detention Facility should be dismissed from the case with prejudice.

### B. Mr. Cruz Fails to State a *Monell* Claim against Sheriff Reigenborn in His Official Capacity.

Under Colorado law, the County Sheriff, in his official capacity, is the proper defendant in actions arising out the actions of sheriff's deputies, such as the Detectives, or out of the operation

10

of the Detention Facility. *See* Colo. Rev. Stat. §§ 17-26-101 & 102; 30-10-506; *see also Sisneros v. County of Pueblo*, 2010 U.S. Dist. LEXIS 51830, *8-9 (D. Colo. May 3, 2010); *Myers v. Koopman*, No. 09-cv-02802-REB-MEH, 2011 WL 650328, *31-32 (D. Colo. Feb. 11, 2011). As a threshold matter, Mr. Cruz did not attempt to name Sheriff Reigenborn in his official capacity. Instead, Mr. Cruz purports to bring suit against the Detention Facility and the Detectives in their official capacity. "An action against a person in his official capacity is, in reality, an action against the government entity for whom the person works." *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1009 (10th Cir. 1998). Even if he had named the right party in the right capacity, however, Mr. Cruz fails to state a *Monell* claim.

In *Monell*, 436 U.S. 658 (1978), the Supreme Court determined that a municipality can be found liable under 42 U.S.C. § 1983 only where the municipality itself causes the constitutional violation at issue. "It is only when the execution of the government's policy or custom . . . inflicts the injury that the municipality may be held liable under § 1983." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (citations omitted). There must be a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Id.* A challenged practice may be deemed an official policy or custom for § 1983 municipal-liability purposes if it is a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision. *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013).

Here, Mr. Cruz has not pled sufficient facts to plausibly state a claim against the Sheriff in his official capacity. Mr. Cruz has not alleged that the Detectives conduct was in compliance with a particular promulgated policy or an official policy or custom, let alone that the policy caused a

11

violation of Mr. Cruz's constitutional rights. On the contrary, he generally alleges the Detectives failed to follow procedures or policies on one occasion. This is inadequate to support a claim against the Sheriff in his official capacity. Because Mr. Cruz "has not alleged facts bridging the individual violation to a broader municipal custom," *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1319 (10th Cir. 2002), his claim should be dismissed.

### C. Mr. Cruz Cannot State a Claim for Supervisor Liability under Section 1983.

In his complaint, Mr. Cruz also generically asserts that certain unnamed "Supervisors of detectives" should be liable for the Detectives' alleged violation of his constitutional rights. (ECF, Comp. at 12, ¶ 3.) But there is no vicarious liability under Section 1983. *See Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."). Mr. Cruz's complaint, moreover, contains no concrete allegations of conduct attributable to the assumed supervisors. In addition, to the extent he has not stated an Eighth Amendment claim against the Detectives, there is no predicate violation for which a supervisor may be held liable, whether as participant or supervisor. Mr. Cruz, therefore, has not asserted a cognizable claim against any unknown Adams County sheriff's supervisor.

### III. DETECTIVES MCKENZIE AND MARQUEZ HAVE QUALIFIED IMMUNITY FROM SUIT IN THEIR PERSONAL CAPACITIES.

As for Mr. Cruz's suit against Detectives McKenzie and Marquez in their personal capacities, qualified immunity shields government officials from Section 1983 damages suits so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When governmental officials assert qualified immunity, they create a rebuttable presumption of

immunity from the plaintiff's Section 1983 claim. *See Medina v. Cram*, 252 F.3d 1124, 1129 (10th Cir. 2001). The plaintiff then bears the "heavy" burden of establishing that qualified immunity does not apply. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008).

The qualified immunity analysis has two elements: (1) Whether, under the facts alleged by the plaintiff, the government officials violated a constitutional right; and (2) whether the right at issue was "clearly established" at the time of the defendants' alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2008). "A plaintiff can demonstrate that a constitutional right is clearly established by reference to cases from the Supreme Court, the Tenth Circuit, or the weight of authority from other circuits." *Archuleta*, 523 F.3d at 1283. Clearly established law should not be defined "at a high level of generality." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). Rather, the dispositive question is "whether the violative nature of *particular* conduct is clearly established." *Id.* If the plaintiff fails to satisfy any part of the qualified-immunity inquiry, "the court must grant the defendant qualified immunity." *Holland v. Harrington*, 268 F.3d 1179, 1186 (10th Cir. 2001).

In determining whether a right is clearly established, a plaintiff must point to Supreme Court or Tenth Circuit precedent (or the clear weight of other circuit courts) that recognizes an actionable constitutional violation in the circumstances presented. *See Schwartz v. Booker*, 702 F.3d 573, 587–88 (10th Cir. 2012). Thus, it is Mr. Cruz's burden to identify a case where an official acting under sufficiently similar circumstances was held to have violated a claimant's Fourteenth Amendment rights. *See White v. Pauley*, 137 S. Ct. 548, 552 (2017). "The dispositive question is whether the violative nature of the *particular conduct* is clearly established." *Aldaba v. Pickens*, 844 F.3d 870, 877 (10th Cir. 2016); *see also Mullenix v. Luna*, 577 U.S. 7, 12 (2015). To satisfy this element, "existing precedent must have placed the statutory or constitutional question beyond

13

debate." *Quinn v. Young*, 780 F.3d 998, 1005 (10th Cir. 2015). "Put simply, qualified immunity protects all but the plainly incompetent or those who knowingly violate the law." *Patel v. Hall*, 849 F.3d 970, 980 (10th Cir. 2017).

Here, Mr. Cruz will be unable to point to any Supreme Court or Tenth Circuit precedent construing the Eighth Amendment that holds a prisoner is entitled to either (1) an investigation from prison officials, let alone the collection of specific forms evidence, in response to his deductive allegations of (unconscious) sexual assault; or (2) permanent segregation from the general population of inmates based on his inferential fears. Nor is there any weight of authority from other circuits to that effect. Detectives McKenzie and Marquez had no basis, let alone a clearly established basis, to believe Mr. Cruz was entitled to any, let alone a particular, investigative response, or permanent segregation based on his deductive allegations of sexual assault. As such, Detectives McKenzie and Marquez are entitled to qualified immunity and should be dismissed with prejudice from this case.

### IV. MR. CRUZ'S REFERENCES TO STATE TORT LAW ARE INSUFFICIENT TO PLEAD A CLAIM FOR ASSAULT OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST THE ADAMS COUNTY DEFENDANTS.

At several points, Mr. Cruz conclusory alludes to state tort law, particularly the torts of assault and intentional infliction of emotional distress.[4] (ECF 20, Comp. at 4, ¶ 1; 12, ¶ 2.) Mr. Cruz, however, does not plead sufficient facts against the Adams County Defendants for those claims under Colorado law. *See*, *e.g.*, *id.* at 5, ¶ 5; 6, ¶ 9; 7 ¶ 15 (other prisoners alleged to have

---

[4] Some of Mr. Cruz's theories are not cognizable independent claims under Colorado law distinct from the tort of intentional infliction of emotional distress, or components of available damages. *See*, *e.g.*, ECF 20, Comp. at 5, ¶ 1 ("mental health tort, humiliation tort") & 11, § G, ¶ 1 (including intentional infliction of emotion distress among state torts); *see also id.* at 6, ¶ 7 (torts for mental health and humiliation) & 9, ¶ 25 (same).

14

assaulted Mr. Cruz); *id.* at 8, ¶ 23 (other prisoners alleged to have humiliated Mr. Cruz through passed notes and comments). The alleged conduct of the Adams County Defendants does not satisfy the elements of either tort. *See Coors Brewing Co. v. Floyd*, 978 P.2d 663, 665-666 (Colo. 1999) (discussing high bar for intentional infliction of emotional distress torts based on the conduct of the defendant); *White v. Muniz*, 999 P.2d 814, 816-818 (Colo. 2000) (elements of torts of assault and battery claim require both intent to physically contact plaintiff and intent that the conduct be harmful or offensive). In any event, if the Court dismisses Mr. Cruz's federal claim, it can decline to exercise supplemental jurisdiction over any remaining state court allegations. 28 U.S.C. § 1367(c)(3); *see also Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

## CONCLUSION

The Eighth Amendment to the United States Constitution does not entitle inmates to either an investigation from prison officials in response to allegations of (unconscious) sexual assault, or permanent segregation from the general population of inmates. Mr. Cruz has also failed to allege a *Monell* claim against the Sheriff in his official capacity. And Detectives McKenzie and Marquez are entitled to qualified immunity. Nor has Mr. Cruz adequately alleged a violation of Colorado tort law against any Adams County Defendant. As such, Mr. Cruz's complaint against the Adams County Defendants should be dismissed with prejudice.

DATED: January 6, 2022.

        Respectfully submitted,

        *s/Michael A. Sink*
        Michael A. Sink
        Assistant County Attorney
        Adams County Attorney's Office
        4430 S. Adams County Pkwy
        5th Floor, Suite C5000B
        Brighton, CO  80601
        Phone: (720) 523-6116
        Fax: (720) 523-6114
        msink@adcogov.org

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2022, I caused the forgoing to be electronically filed with the Clerk of the Court using the PACER system; I further certify that I sent a copy of the foregoing to *pro se* Plaintiff Joseph Cruz via U.S. mail, postage prepaid, to:

Joseph Cruz
DOC # 168372
P.O. Box 3
Pueblo, CO 81003

*s/Michael A. Sink*
Michael A. Sink
Assistant County Attorney
Adams County Attorney's Office
4430 S. Adams County Pkwy
5th Floor, Suite C5000B
Brighton, CO  80601
Phone:  (720) 523-6116
Fax:  (720) 523-6114
msink@adcogov.org
