**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-01276-RM-NRN

JOSEPH ANTHONY CRUZ

  Plaintiff,

vs.

DETECTIVE JAMES MCKENZIE,
DETECTIVE MARQUEZ,
ADAMS COUNTY DETENTION FACILITY,

  Defendants.

---

**ADAMS COUNTY DEFENDANTS' REPLY TO LETTER IN OPPOSITION OF MOTION TO DISMISS**

---

In his short letter response (ECF 40) in opposition to the Adams County Defendants' motion to dismiss, Mr. Cruz makes seven enumerated arguments. These arguments, however, do not cure the factual or legal deficiencies in the complaint as to the Adams County Defendants. Mr. Cruz's relevant arguments are addressed in turn.

**I. MR. CRUZ DID NOT ALLEGE HE REMEMBERED HIS SECOND ASSAULT**

Mr. Cruz twice argues that the motion to dismiss inaccurately claims he was unconscious during each of his three sexual assaults. (Resp. at 1, ¶ A & 2, ¶G.) Instead, he argues, he was unconscious for only two, but that he "remembered" the second assault−allegedly committed by Mr. Baca. (*Id.* at 1, ¶ A.) Whether Mr. Cruz means to draw a distinction between contemporaneously perceiving his own assault while awake or subsequently remembering the assault after awaking, he does not state. Regardless, the relevant allegations regarding Mr. Baca in

1

the complaint do not contain any reference to either Mr. Cruz's subsequent memory or live perception of the assault. (ECF 20, ¶¶ 15-25.) To the contrary, his own account of what he told an unnamed deputy about the second assault involving Mr. Baca is: "Mr. Cruz states he told deputy […] quote 'I was raped again, *in my sleep*.'" (*Id.* at ¶ 17 (emphasis added).)

Even if Mr. Cruz had made the allegation of perceiving or remembering the second assault in his complaint, he does not allege he conveyed that information to either the unnamed deputy or Detective Marquez. What he very specifically alleges he told the deputy (and presumably Detective Marquez), is that the assault allegedly occurred (again) in his sleep. (ECF 20, ¶¶ 15-25.) Thus, based on the information provided to the Detectives by Mr. Cruz, the Detectives had every reason to treat all three of Mr. Cruz's allegations as "unconscious" sexual assaults.

## II. EVEN IF MR. CRUZ HAD ALLEGED A MEMORY OF HIS SECOND ASSAULT, HIS ALLEGATIONS STILL WOULD NOT STATE A SECTION 1983 CLAIM AGAINST THE ADAMS COUNTY DEFENDANTS

Mr. Cruz is undoubtedly correct that allegations of sexual assault are of a very serious nature. (ECF 20, at 6, ¶ 10.) And, when adequately made directly against a government actor, they can state a cause of action under the Eighth Amendment. But Mr. Cruz does not allege such conduct by the deputies. He argues instead that they either failed to adequately investigate his allegations of rape by other inmates or failed to protect him from those inmates by not permanently placing him in a private cell. Both theories, however, fail to state a Section 1983 claim based on the facts alleged (even assuming the complaint contained the additional allegation about Mr. Cruz's memory of his second assault).

First, despite Mr. Cruz's bald assertion to the contrary (Resp. at 1, ¶ B), no constitutional duty to investigate or prosecute a crime exists. *See Town of Castle Rock, Colo. v. Gonzales*, 545

U.S. 748, 761-62 (2005); *see also Marner v. Swedish Med. Ctr.*, No. 15-cv-1270-GPG, 2015 U.S. Dist. LEXIS 77802, *2 (D. Colo. June 16, 2015) ("[T]here is no constitutional right to have someone criminally prosecuted."); *Woodstock v. Golder*, No. 10-cv-00348-ZLW-KLM, 2011 U.S. Dist. LEXIS 29976, *26-27 (D. Colo. Feb. 7, 2011) (prison investigator's failure to investigate letter alleging sexual assault "to an extent sufficient to satisfy Plaintiff is not a constitutional violation"); *Moore v. Honeycutt*, No. 09-3067-SAC, 2009 U.S. Dist. LEXIS 33108, 2009 WL 1033760, at *2 (D. Kan Apr. 17, 2009) (stating that "dissatisfaction with [defendant's] investigation" of reported rape by a fellow inmate does not state an Eighth Amendment violation).

But even if such a duty did generally exist, the complaint alleges some level of investigation. The two Detectives separately interviewed Mr. Cruz about the complaints. And two S.A.N.E.s were performed. Whether it was Detective McKenzie who ordered one of the two S.A.N.E.s is immaterial as to whether an investigation was conducted. In addition, Mr. Cruz was sent for medical monitoring. In short, Mr. Cruz has not alleged an investigation was not conducted. Rather, he alleges that his demanded form of investigation was not conducted–an investigation involving certain forms of evidence gathering, DNA testing, or the S.A.N.E. exam being ordered by a specific deputy. But even in prison contexts where constitutional duties exist, courts do not force government actors to engage in conduct on demand to the satisfaction of inmates. *See*, *e.g.*, *Jones v. Russell*, 950 F. Supp. 855, 857 (N.D. Ill. 2006) ("Prison officials have a duty to protect inmates, but prisoners are not entitled to be housed in protective custody on demand."). Nor does an alleged failure to follow prison protocols rise to the level of a constitutional violations. *See Malik v. Kindt*, 76 F.3d 393, 1996 WL 41828, at *2 (10th Cir. Feb. 2, 1996) (unpublished); *Frazier*

*v. Zavaras*, No. 10-cv-02534-CMA-KMT, 2011 U.S. Dist. LEXIS 112951, *17-18 (D. Colo. Sept. 30, 2011).

Second, as for any alleged failure to protect claim, Mr. Cruz does not point to any alleged circumstances that would have put the deputies on notice that he was at substantial risk of serious harm from repeated unconscious sexual assault seriatim from different cellmates. *See Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006). The Detectives are alleged to have had Mr. Cruz transferred for medical observation after each reported incident and, when he was returned to general population, he was given different cellmates. Mr. Cruz's real objections appear to be that the medical service provider should have, but did not, diagnosis him with a sleepwalking condition and that the Detectives did not permanently grant him a private room based on his allegations. But the Detectives were not constitutionally obligated to accommodate such a request based on an undiagnosed condition. *See Riddle v. Mondragon*, 83 F.3d 1197, 1204-06 (10th Cir. 1996) (holding a prison's refusal to provide a specific treatment or protection to inmates with undiagnosed mental conditions is not a constitutional violation). Nor does Mr. Cruz point to any allegation that the Detectives had prior knowledge that any particular assault was foreseeable. In such circumstances, a plaintiff cannot maintain an Eighth Amendment claim for a failure to protect. *See Street v. Simon*, No. 10-cv-02026-MSK-MJW, 2012 U.S. Dist. LEXIS 44470, *8 (D. Colo. Mar. 30, 2012).

### III.    MR. CRUZ HAS FAILED TO STATE A CLAIM AGAINST SHERIFF REIGENBORN IN HIS OFFICIAL CAPACITY

Mr. Cruz requests the addition of Sheriff Reigenborn in his official capacity to this suit (Resp. at 3). Sheriff Reigenborn presumably is meant to either stand in lieu of the Detention Facility, which is not a legal entity capable of being sued, or to be the identification of the previously "unnamed supervisors." Even assuming such an amendment by motion is allowed to a

pro se plaintiff, Mr. Cruz still does not adequately allege facts against Sheriff Reigenborn (or any other unnamed supervisors) sufficient to state claims for either supervisory liability (or under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), assuming such a claim is theoretically available here).[1]

First, neither Sheriff Reigenborn nor any unnamed deputies can be held liable in any capacity for implementing policies or for the actions of county officers under a theory of supervisory liability when there was no underlying violation of a constitutional right. *See Martinez v. Beggs*, 563 F.3d 1082, 1091-92 (10th Cir. 2009) (holding, in civil rights action over medical care at county jail, that where "individual county defendants . . . did not violate [jail inmate's] constitutional rights, [the Sheriff] and the county cannot be held liable [for policy, training, or supervision] as a matter of law"); *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) (explaining that supervisory liability requires a constitutional deprivation affirmatively linked to the supervisor's personal participation); *Ruegsegger v. Jefferson County Bd. of Cty. Comm'rs*, 197 F. Supp. 2d 1247, 1259 (D. Colo. 2001) ("[…] Plaintiffs have not made an initial showing of an underlying constitutional violation on the part of the responding Sheriff Defendants. Thus, Plaintiffs have not met the second essential element of a supervisory liability claim.").

---

[1] A suit against government officers in their official capacities is actually a suit against the governmental entity that employs the officers. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). But here the Sheriff is an elected constitutional county official who administers the detention facility pursuant to state statute. *See* COLO. CONST., Art. XIV, §§ 8 & 8.5; Colo. Rev. Stat. §§ 17-26-101 to 103 & 30-10-511. Adams County neither employs the Sheriff, nor can it direct operations at the Detention Facility. *See Richart v. Bd. of Cty. Comm'rs*, 33 P.2d 971, 972-73 (Colo. 1934); *Sisneros v. County of Pueblo*, No. 09-cv-01646-PAB-MJW, 2010 U.S. Dist. LEXIS 51830, *8-12 (D. Colo. May 3, 2010); *accord McMillian v. Monroe County*, 520 U.S. 781, 793 (1997) (county sheriff may be state agent in certain circumstances). Any theoretical claim against the Sheriff, therefore, would have to be solely in his supervisory capacity.

Second, even if such an underlying violation had occurred, Sheriff Reigenborn could only be liable for some level of personal involvement in the constitutional deprivation. *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights. To establish supervisor liability under § 1983, it is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation.") (quotation omitted). Mr. Cruz, however, has not made any factual allegations against the Sheriff in support of such a theory.

### IV.   DETECTIVES MCKENZIE AND MARQUEZ HAVE QUALIFIED IMMUNITY FROM SUIT IN THEIR PERSONAL CAPACITIES

Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Mr. Cruz has pointed to no Supreme Court or Tenth Circuit law finding that under similar circumstances detectives had a constitutional duty to either investigate similar allegations of unconscious sexual assault in a manner demanded by the inmate or provide that inmate with permanent protective custody due to a claimed but undiagnosed medical condition. *See Perry v. Durborow*, 892 F.3d 1116, 1123 (10th Cir. 2018) ("Perry must identify a case where an official acting under similar circumstances as [Defendant] was held to have violated the Constitution.") (quotations omitted); *see also City of Tahlequah v. Bond*, 142 S. Ct. 9, 11 (2021) ("We have repeatedly told courts not to define clearly established law at too high a level of generality. It is not enough that a rule be suggested by then-existing precedent; the "rule's contours must be so well defined that it is clear to a reasonable officer that his conduct was unlawful in the situation he confronted." (citations and quotation omitted).

Even setting aside Mr. Cruz's lack of citation of any contrary case law, *see Elder v. Holloway*, 510 U.S. 510, 516 (1994) (a court reviewing qualified immunity should use its "full

6

knowledge of its own [and other relevant] precedents") (quotation omitted), undersigned counsel has located no case law from the Supreme Court or the Tenth Circuit where prison officials were found to have violated the Constitution under circumstances similar to those alleged by Mr. Cruz. Detectives McKenzie and Marquez, are, therefore, entitled to qualified immunity.

## CONCLUSION

Mr. Cruz has not stated a legally valid claim under the Eighth Amendment to the United States Constitution. Nor has he stated a valid claim against the Sheriff in his official capacity or against any other unnamed supervisors. Detectives McKenzie and Marquez, moreover, are entitled to qualified immunity. The Adams County Defendants, therefore, respectfully request the Court dismiss Mr. Cruz's claims against them with prejudice.

DATED: February 2, 2022.

Respectfully submitted,

*s/ Michael A. Sink*
Michael A. Sink
Assistant County Attorney
4430 S. Adams County Pkwy
5th Floor, Suite C5000B
Brighton, CO  80601
Phone: (720) 523-6116
Fax: (720) 523-6114
msink@adcogov.org
*Counsel for Defendants James McKenzie, Matthew Marquez, and Adams County Detention Facility*

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record; I further certify that I sent a copy by U.S. Mail, postage prepaid to:

Joseph Cruz
DOC #168372
PO Box 3
Pueblo, CO  81003

*s/ Michael A. Sink*
Michael A. Sink
Assistant County Attorney
4430 S. Adams County Pkwy
5th Floor, Suite C5000B
Brighton, CO  80601
Phone: (720) 523-6116
Fax: (720) 523-6114
msink@adcogov.org
*Counsel for Defendants James Mckenzie, Matthew Marquez, and Adams County Detention Facility*

8