# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Civil Action No. 21-cv-01276-RM-NRN

JOSEPH ANTHONY CRUZ,

      Plaintiff,

v.

DETECTIVES MARQUEZ AND MCKENZIE,
A.C.D.F. INSTITUTION,
SUPERVISORS OF BOTH DETECTIVES,
MENTAL HEALTH SERVICES EMPLOYED BY A.C.D.F., and
MENTAL HEALTH SUPERVISORS AND EMPLOYEES,

      Defendants.

---

## ORDER

---

Before the Court is the Recommendation of United States Magistrate Judge N. Reid Neureiter (ECF No. 47) to grant Defendants' Motion to Dismiss (ECF No. 38) and to dismiss this case without prejudice. For the reasons below, the Court accepts the Recommendation, which is incorporated into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Plaintiff, a prisoner proceeding pro se, filed this lawsuit alleging generally that prison officials failed to respond adequately to his allegations that he was being sexually assaulted by other prisoners in his sleep. (*See* ECF No. 20.) Defendants' Motion was referred to the magistrate judge for a Recommendation. (ECF No. 39.) After it was fully briefed, the magistrate judge held a hearing before issuing the Recommendation. (ECF No. 44.)

Liberally construing Plaintiff's pro se pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the magistrate judge determined that Plaintiff failed to state an Eighth Amendment claim because he had not shown that the detective Defendants were deliberately indifferent to his medical needs or to the risk that he would be sexually assaulted. In the absence of an underlying constitutional violation, these Defendants are entitled to qualified immunity. The magistrate judge further determined that Plaintiff failed to allege any policy that was the moving force behind any alleged constitutional violation that would support a claim for municipal liability. And the magistrate judge determined there were no specific factual allegations supporting personal participation by any supervisor. Finally, the magistrate judge determined that the allegations were insufficient to establish any state law tort and that, alternatively, the Court should decline to exercise jurisdiction over the state law claims due to the disposition of Plaintiff's federal claims.

The Recommendation advised the parties that specific written objections were due within fourteen days after being served a copy of the Recommendation. That deadline passed without a response from Plaintiff.

"In the absence of a timely objection, the district court may review a magistrate judge's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.3d 1165, 1167 (10th Cir. 1991).

The Court discerns no error on the face of the record and agrees with the magistrate judge's analysis of the issues presented in Defendants' Motion. *See Gallegos v. Smith*, 401 F. Supp. 3d 1352, 1356-57 (D.N.M. 2019) (applying deferential review of the magistrate judge's work in the absence of any objection).

Accordingly, the Court ACCEPTS the Recommendation (ECF No. 47), GRANTS the

Motion to Dismiss (ECF No. 38), and ORDERS that the case be DISMISSED WITHOUT

PREJUDICE.

DATED this 10th day of August, 2022.

BY THE COURT:

_____

RAYMOND P. MOORE
United States District Judge